# HILLSBOROUGH,

## DECEMBER TERM, A. D. 1843.

---

## THE STATE *vs.* McCoy.

Where an indictment for larceny alleged the property to have been in one who appeared at the trial as a witness for the prosecution, and on cross examination testified that the goods, when stolen, were the joint property of himself and another, the prisoner has a right to a verdict in his favor; and, he objecting, the court has no power to take the case from the jury and to continue the indictment.

Where, however, such a case comes before this court on *exceptions* to the orders of the court below, this court has no authority to order the discharge of the prisoner, but can only declare the proceedings below erroneous.

*It seems*, however, that this court would discharge the prisoner, if brought before them on *habeas corpus*.

INDICTMENT, for stealing twelve yards of broadcloth, of the value of $40.00, of the goods of Thomas R. Prentiss.

On the trial, said Prentiss, who was called as a witness for the state, on cross examination testified that the cloth in question was the joint property of himself and his partner in business.

The counsel for the prisoner thereupon suggested to the court that the prisoner could not be convicted on the indictment, by reason of this discrepancy between the allegation and the evidence; which view of the case was sustained by the court. The Attorney General (who appeared for the state,) then moved that the papers in the case be taken from the jury and the indictment continued to the next term. The counsel for the prisoner objected, and claimed a verdict of *not guilty*, as a matter of right; but the court granted the motion, and the counsel for the prisoner filed his exception.

*S. Dana, Jr.*, for the prisoner, contended that when, in a criminal case, there has been any evidence given to the jury, the jury cannot be discharged until they have given a verdict, unless it be in cases of evident necessity ; and cited 4 *Black. Com.* 360; *Co. Litt.* 227 ; 3 *Inst.* 110 ; *Foster* 27 ; *Hawk. P. C., book* 2, *ch.* 47, § 1 ; *Roscoe's Crim. Ev.*, (2 *Phil. Ed.,*) 221, *and cases there referred to ;* 4 *Wash. R.* 402, *U. S.* vs. *Haskell & al. ;* 6 *S. & R.* 580, *Commonwealth* vs. *Cook & al. ;* 3 *Rawle* 498. As to what constitutes a case of such necessity, he referred to 1 *Stark. Ev.* 94 ; *Roscoe's Crim. Ev.* 115 ; 1 *Chitty's Crim. Law* 499, *citing Rex* vs. *Smith.*

*Walker,* Attorney General, for the state.

PARKER, C. J. The court below erred in granting the motion of the Attorney General. It is true that, where a necessity exists, the court may withdraw a case from the jury to which the evidence has been opened, and continue the case. But the instances in which this may be done are in the nature of exceptions to the general rule, as stated in the earlier authorities. 2 *Hawk. P. C., book* 2, *ch.* 47, § 1, *and authorities there referred to ;* 1 *Co. Inst., B.* 3, 227 *b,* § 366 ; 3 *Co. Inst., ch.* 47, *p.* 110 ; *Sir T. Raymond's R.* 84, *Ferrar's Case :* The case last cited recognizing it as the "common tradition," "held by many learned in the law," that in crown cases a juror could not be drawn nor the jury dismissed, after having been charged and sworn. See, also, 2 *Strange R.* 984, *Rex* vs. *Jeffs ; Foster's Crown Law* 32.

If such was the law *anciently*, there is no doubt that, *at this day*, the court has this power in all cases of necessity. 2 *Gall. R.* 364, *United States* vs. *Coolidge ;* see, also, 2 *Caines' R.* 304, *The People* vs. *Barrett ; S. C.* 100. Instances of " necessity" are, such as the sudden illness of a juror, or witness, or perhaps of the government counsel.

The unexpected absence of a witness might, perhaps, in some cases furnish a sufficient cause for the court to exercise this authority. It is the common practice, where jurors cannot agree, to withdraw a juror against the consent of a prisoner, in order to try the case before a second jury. 9 *Mass.* 494, *Commonw.* vs. *Borden.* In *The People* vs. *Ellis,* 15 *Wend. R.* 371, (which was an indictment for a riotous assault and battery,) after evidence had been offered against two of the defendants, a juror was withdrawn, to enable the prosecuting officer to bring the three defendants to trial together. The rule is well stated by *Livingston,* J., in *The People* vs. *Barrett,* already cited. "The power of the court should not be lightly used, but confined as much as may be to cases of very urgent necessity, where, by the act of God, or by some sudden and unforeseen accident, it is impossible to proceed without manifest injustice to the public or to the defendant himself."

The present case exhibits no such necessity as to bring it within any of the cases suggested. The evidence did not sustain the indictment ; and there being no suggestion that the testimony of Prentiss on the cross examination was false, it would seem that it never can be maintained, because the ownership of the property is not truly stated. The object of the motion by the Attorney General probably was to give time for the finding of another indictment ; but that was no sufficient reason for the continuance of an indictment which it is not expected can ever be sustained. The true course would have been to discharge the prisoner from the indictment, and to cause him to be arrested on a new complaint, which should set forth the offence in a manner which the evidence would sustain. As the case stands before this court, however, we cannot order his discharge. To enable us to order his discharge, he must be first brought before us on *habeas corpus.* At present we can only declare the order of the court below to have been erroneous.

*Exceptions sustained.*